IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLAYTON L. HOWARD,

      Petitioner,

     v.

STEVE FRANKE,

      Respondent.

Case No. 2:12-cv-01761-TC
FINDING AND RECOMMENDATION

COFFIN, Magistrate Judge:

Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to convictions for two counts of Rape in the First Degree, one count of Robbery in the First Degree, and one count of Burglary in the First Degree.

In this proceeding, petitioner challenges his October 30,

1 – FINDING AND RECOMMENDATION

1997 Marion County Circuit Court Case 97C-20238 conviction for Possession of a Weapon by an inmate, and a supplemental judgment issued by the Marion County Circuit Court in that case after that court denied petitioner's request for additional earned-time credit pursuant to House Bill 3508.

The Oregon Court of Appeals affirmed the trial court with a written decision, *State v. Howard*, 27 P.3d 1045 (Or. App. 2001). The Oregon Supreme Court denied review. Exhibits 103 - 108.

Petitioner filed a Petition for Post-Conviction Relief (PCR) in Marion County Circuit Court, but the PCR court denied relief. The Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. Exhibits 146 - 150.

In December 2009, petitioner sought additional earned time credit pursuant to House Bill 3508, but the trial court denied the request in a Supplemental Judgment, dated March 1, 2010. Exhibit 101. Petitioner appealed, but the Oregon Court of Appeals dismissed the appeal on the state's motion. Petitioner did not seek review by the Oregon Supreme Court. Exhibits 151 - 154.

## Standards

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a

2 – FINDING AND RECOMMENDATION

"full and fair" opportunity to consider and resolve all federal claims. <u>Keeney v. Tomayo-Reyes</u>, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's supreme court, he must do so to properly exhaust that claim. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court and can no longer do so because of a procedural bar, that claim is procedurally defaulted. <u>Boerckel</u>, 526 U.S. at 848. Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

Cause for a procedural default ordinarily exists if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage" rather than a mere possibility of prejudice. <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice[,]" requiring a showing of actual innocence. <u>Edwards</u>,

529 U.S. at 451; <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).

Assuming a Petitioner exhausts state remedies, habeas relief is granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion… [from] a case involving materially indistinguishable facts." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing <u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002)). A federal court making the "unreasonable application" inquiry should ask whether the state court's application of law was "objectively unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000). Finally, under 28 U.S.C. § 2254(e)(1), a state court's determination of a factual issue is presumed to be correct and petitioners have the burden of rebutting that presumption by clear and convincing evidence. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 351 (2003).

## Discussion

Petitioner alleges eleven grounds for relief, with most

having sub-claims.

Respondent argues that several claims are procedurally defaulted, and that as to the other grounds, that the Oregon courts' determinations are not objectively unreasonable and entitled to deference, and one claim is not reviewable.

## I. Procedurally Defaulted Claims

Respondent argues grounds one, two, three (a), four (a), six (a), seven (a), eight (b), nine (a), and eleven are procedurally defaulted.

### A. Grounds One and Two Regarding Earned-Time Credit

Ground one alleges the trial court erred by denying Petitioner a hearing for a sentence reduction under House Bill 3508. See Pet. Habeas Corpus. doc. 2, at 8. Ground two alleges that the Appellate Commissioner of the Oregon Court of Appeals erred in his determination on whether the trial court's decision was appealable. Id.

Petitioner appealed the supplemental judgment to the Appellate Commissioner of the Oregon Court of Appeals, who dismissed the appeal as the trial court's decision was not appealable. See Ex. 154, doc. 34-2, at 323. The Appellate Commissioner for the Oregon Court of Appeals may decide "own motion matters," which "includes but is not limited to an order to show cause why a case should not be dismissed for lack of jurisdiction or for lack of prosecution." ORAP 7.55 (1), (5).

The rule allows a party to seek reconsideration of the Commissioner's decision. See id. at (4)(a)-(b). Only upon reconsideration can a decision of the Commissioner be subject to a petition for review. Id. However, if the Commissioner makes a determination of appealability under Or. Rev. Stat. §19.235(3), and designates it as a summary determination, as provided in ORAP 2.35(3)(a), then it may be subject to a petition for review in the Oregon Supreme Court. Id. at (4)(d). However, ORAP 2.35 requires an express determination of summary determination, which the Commissioner's decision did not contain. See ORAP 2.35(3)(a); Ex. 154, doc. 34-2, at 323. Thus, in order to "exhaust state remedies" as to these claims, Petitioner was required to file for reconsideration with the Commissioner, which he did not do. Therefore, these claims are procedurally defaulted.

### B. Grounds Three, Four, Five, Six, Seven, and Nine (a) Alleging Trial Court Error

Ground three (a) alleges that the trial court erred by denying Petitioner's motion for appointment of counsel to assist in his criminal proceedings. See Suppl. Pet., doc. 19-1, at 10. Ground four (a) alleges error in requiring Petitioner to wear shackles without a showing of substantial justification during his trial. Id. at 11. Ground five (a) alleges the trial court erred in denying Petitioner the ability to call ODOC hearing officers as witnesses. Id. at 14. Ground six (a) alleges error by

denying Petitioner's motion for production of documents and subpoena *duces tecum*. Id. at 17. Ground seven (a) alleges error by denying Petitioner's motion of acquittal. Id. at 18. Finally, ground nine (a) alleges the trial court erred in using facts at sentencing not found specifically by the jury. Id. at 20. When seeking habeas relief, a petitioner must exhaust available state remedies by "fairly present[ing]" his claim in each appropriate state court, including state supreme courts with discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). On direct appeal, Petitioner requested review of the Court of Appeals decision for one legal question, whether the trial court erred in accepting Petitioner's alleged waiver of counsel without advising him of the pitfalls of self-representation. See Ex. 106, doc. 34-1, at 88.

Therefore, petitioner did not fairly present these claims to the state's highest court as required by the exhaustion doctrine and they are procedurally defaulted.

Although Petitioner raised these claims in his PCR petition for review, Petitioner's claims are procedurally defaulted, because they were not raised in a proper procedural context. Trial court error claims must be raised on direct review. See Palmer v. State, 867 P.2d 1368, 1371-33 (Or. 1994).

### C. Ground Eight (b) Alleging Appellate Counsel Error

Ground Eight (b) alleges that Petitioner's appellate counsel

was ineffective by failing to raise on direct appeal that sentencing counsel failed to subpoena the witnesses used to enhance his sentence. Suppl. Pet., doc. 19-1, at 19. Respondent correctly argues that the claim is defaulted because it was not presented to the PCR court for review.

In Oregon, claims of ineffective assistance of counsel must be raised in post-conviction relief. See, e.g., State v. McKarge, 717 P.2d 656 (Or. App. 1986). However, Petitioner failed to allege the claim in his fourth amended petition for review. See Ex. 118, doc. 34-1, at 218-22. Thus, he did not fairly present the claim to the Oregon courts, and it is procedurally defaulted.

### D. Ground Eleven Alleging PCR Court Error

Petitioner alleges that the PCR court erred by failing to address some of the "colorable claims" he presented. Respondent argues that, as Petitioner did not raise this claim in his PCR appeal, the claim is procedurally defaulted and, further, the claim is not reviewable by this Court.

Petitioner did not allege a PCR court error in his PCR appeal. See Ex. 146, doc. 34-2, at 133-37. Moreover, because the claim alleges an error of the PCR court rather than its application of law, the claim is unavailable for review. See Cooper v. Neven, 641 F.3d 322, 331 (9th Cir. 2011).

### I.   Ineffective Assistance of Counsel Claims

Petitioner argues that both his sentencing and appellate

counsel provided ineffective assistance of counsel in various respects. The Supreme Court has firmly established that claims of ineffective assistance of counsel rise to constitutional violations when: 1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and 2) there is a showing of prejudice – a reasonable probability that, but for the error, the result would have been different. Williams, 529 U.S. at 390 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). As discussed below, the state court's application of *Strickland* was not objectively unreasonable.

### A. Claims Against Sentencing Counsel

Ground eight (a) and (c) allege that counsel was ineffective when he failed to subpoena witnesses used to enhance Petitioner's sentence. In his petition, Petitioner states he requested counsel to subpoena the prosecution's witnesses and the superintendent of the Oregon State Penitentiary (OSP). Suppl. Pet., doc. 19-1, at 19. The PCR court rejected these claims, finding that counsel was not ineffective. See Ex. 144, doc. 34-2, at 126-27. The PCR court's finding is not objectively unreasonable as Petitioner failed to present sufficient evidence to establish prejudice or a lapse in reasonable professional judgment, such as proffering the witnesses' testimony. See Ex. 120, doc. 34-2, at 267; Ex. 140, doc. 34-2, at 68-92.

The record reflects that Petitioner requested counsel to subpoena some witnesses the day of the sentencing hearing. See doc. 35-2, at 208-09. Counsel requested a continuance to discuss their relevance and possibly subpoena those witnesses, which the court denied. Id. at 208-210. Further, counsel refused to issue subpoenas to other requested witnesses because, in his professional opinion, he felt their testimony would be irrelevant. Id. at 207-08. In asserting their relevance at the sentencing hearing, Petitioner stated that they could speak about the general procedures in the charging of "possession of razorblades" and an "overall picture of not just [] The PCR court finding is supported by the record.  Petitioner has failed to produce any evidence of what the witnesses would have testified to or that such evidence would have made a difference in his trial.

Ground nine (b) and (d) allege that sentencing counsel was ineffective by failing to advise Petitioner to object to findings of fact the trial court used to impose a departure sentence.

After Petitioner requested to represent himself with counsel retained as standby or advisory counsel, Id. at 209. The Court refused to discharge counsel, but asked for him to standby in case Petitioner had a legal question while exercising his right to represent himself. Id. at 210. From then on, Petitioner represented himself and performed all activities as would

counsel, such as calling and questioning witnesses, with counsel assisting him only to mark an item as an exhibit. See id. at 209-49. Counsel cannot be called ineffective when he was not acting in a representative role to Petitioner.

Further, in any representative role he may have held, counsel could not have anticipated the Supreme Court's holdings in *Apprendi* or *Blakely*, the decisions providing a basis for Petitioner's claims. At the time of petitioner's trial, well settled Oregon law allowed judges to find facts used for upward departures. See, e.g., State v. Woodin, 883 P.2d 1332, 1334 (Or. App. 1994); see also Schardt v. Payne, 414 F.3d 1025, 1035 (9th Cir. 2005) ("[T]he rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent."); see also Jones v. Smith, 231 F.3d 1227, 1236 (9th Cir. 2000) ("'[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government [or] if the result was not dictated by precedent existing at the time the defendant's conviction became final.' Under either definition, *Apprendi* certainly established a new rule[.]"). Thus, Counsel was not ineffective for failing to anticipate the Supreme Court's decisions upending settled Oregon law.

## B. Claims Against Appellate Counsel

To prevail under *Strickland*, Petitioner must show that

appellate counsel was "objectively unreasonable in failing to find arguable issues to appeal -- that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a [] brief raising them[]" and "demonstrate[e] prejudice[;] [t]hat is, he must show a reasonable probability that, but for his counsel's unreasonable failure… he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000). Even for claims that are not frivolous, appellate counsel need not, and should not, raise every claim. See Jones v. Barnes, 465 U.S. 745, 751-53 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.… There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.… A brief that raises every colorable issue runs the risk of burying good arguments[.]"). Thus, counsel will "frequently remain above an objective standard of competence [] and have caused [the] client no prejudice… because [counsel] declined to raise a weak issue." Miller v. Keeny, 882 F.2d 1428, 1434 (9th Cir. 1989); see also, e.g., Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome") (quoted in Smith, 528 U.S. at

12 – FINDING AND RECOMMENDATION

288).

### 1. **Ground Three**

Ground three (b) alleges that appellate counsel was ineffective by failing to assert, in the petition for review to the Oregon Supreme Court, error in the trial court's failure to appoint co-counsel.

Petitioner had no right to co-counsel, and thus, he may not bring a habeas ineffective assistance of counsel claim based on such a "right." Petitioner was not prejudiced by counsel's failure to raise a meritless claim.

An appointment of co- or advisory counsel is within the trial court's discretion. See, e.g., Locks v. Sumner, 703 F.2d 403, 407-08 (9th Cir. 1983); State v. Stevens, 806 P.2d 92, 97 (Or. 1991). On Petitioner's direct appeal, the Oregon Court of Appeals, citing *Stevens*, did not disturb the trial court's decision because the decision was supported through, "[Petitioner's] manifest desire for autonomy in tactical decision making, his insistence on receiving all pleadings directly from their source, his inability to work effectively with the attorney who was eventually appointed to assist him at sentencing, and the court's appointment of an investigator to assist defendant in trial preparation.… In any event, as noted, defendant indicated that he intended to withdraw the motion." See Ex. 105, doc. 34-1, at 80. Based upon the deference to the court's decision, and the

13 – FINDING AND RECOMMENDATION

facts available under appeal, counsel was not unreasonable in finding the claim had little merit.

### 1. Ground Four

Ground four (b) alleges ineffectiveness by failing to raise error to the court's requirement that petitioner wear leg restraints during trial. At trial, Petitioner did not object to the court's decision to require leg shackles. See doc. 35-1, at 92-93. On appeal, counsel did allege error. See Ex. 103, doc. 34-1, at 43-47. Respondent argued that the error was not preserved and, if the court considers the error, the error was harmless. See Ex. 104. doc. 34-1, at 71-72. The Court of Appeals rejected the claim without discussion. See Ex. 105, doc. 34-1, 78-83.

The Oregon Supreme Court has made clear that unpreserved error cannot be reviewed on appeal unless it is "apparent on the face of the record," i.e. "one to which the legal point is obvious [or] not reasonably in dispute." See State v. Farmer, 856 P.2d 623, 624 (Or. 1993). The error was not necessarily apparent on its face, and thus Petitioner's appellate counsel was not deficient in failing to allege the error to the Oregon Supreme Court. It is settled law that shackling is to be permitted "only where justified by an essential state interest specific to each trial." See Holbrook v. Flynn, 475 U.S. 560, 569 (1986). However, there is not settled law determining what facts are sufficient for that finding. See Hedlund v. Ryan, 750 F.3d 793, 802-03 (9th

Cir. 2014) (finding that an officer's hearsay testimony expressing concern for requiring shackles was acceptable to form such a finding).

Here, the trial court asked for the opinion of a court deputy regarding restraints, the defendant chose to wear prison clothing, and finally the charge was possession of a weapon by an inmate. See doc. 35-1, at 91-93. With these facts, the trial court was not objectively unreasonable in that settled law does not foreclose its determination of a sufficient state interest. Regardless, any prejudice is minimal as everybody involved in the trial was aware of the incarcerated status of Petitioner. For these reasons, counsel was not deficient, and Petitioner was not prejudiced, by failing to raise the claim.

### 2. Ground Five

Ground five (b) and (c) allege failure to raise error in four trial court rulings regarding the state's witnesses.

### a. Denial of Request to Call OSP Officer

First, Petitioner takes issue with the trial court's denial of his request to call Terence Anderson because he failed to show the testimony would be relevant. See, e.g., doc. 35-1, at 70. Appellate counsel did not assign error to the ruling, and the PCR trial court found no *Strickland* violation as Petitioner did not prove his claims by a preponderance of the evidence. See Ex. 144, doc. 34-2, at 127. The ruling was not objectively unreasonable as

15 – FINDING AND RECOMMENDATION

a relevant inquiry for purposes of defending the charge would attack the elements of the crime; instead, Petitioner wished to call Mr. Anderson to establish that he was being prosecuted selectively, rather than for personal knowledge of his charges. See doc. 35-1, at 66-70. Therefore, neither the PCR court nor appellate counsel erred in their respective determinations.

### b. Discovery Violation Ruling

Second, Petitioner alleges that the trial court allowed a discovery violation by allowing the state to call a rebuttal witness. Petitioner called a fellow inmate, who testified that a correctional officer was "out to get [him]" and that he had told that inmate that he set Petitioner up. See doc. 35-1, at 251. The state then called the officer who reportedly told that inmate this information to rebut the inmate's testimony, to which Petitioner objected. See doc. 35-2, at 98. The court overruled the objection, and appellate counsel did not assign error to the court's decision.

Oregon requires that a party promptly notify the other parties of additional information after finding that information. See Or. Rev. Stat. §135.845(2). The exact meaning of prompt is unclear, but courts have upheld surprise rebuttal witness testimony when disclosure occurred shortly after it became clear the testimony would be relevant. See State v. Burdge, 664 P.2d 1076, 1079-81 (Or. 1983) (upholding a trial court's decision to

allow   surprise   rebuttal   witness   testimony   when   disclosure occurred after prior witness testimony created necessity to rebut a prior witness).

As discussed above, appellate counsel is not deficient for failing to assign error for a claim that on its face is meritless or at least a reasonable application of settled law. Further, even if appellate counsel could have demonstrated trial court error, if alleged, counsel's deficiency in failing to raise error was not prejudicial. Without the rebuttal witness testimony, the state still had overwhelming evidence of guilt, which included the razorblades within Petitioner's belongings. Thus, for the above reasons, appellate counsel was not deficient, and the PCR court's findings are a reasonable application of *Strickland*.

### a. Denial of Surrebuttal Witness

Third, after the prosecution's rebuttal witness, Petitioner requested an opportunity to call surrebuttal witnesses, particularly Ms. Williams, whom Petitioner had just finished cross-examining, and a captain at the OSP. See doc. 35-2, at 142-43. The court denied the request. Id. at 143. Appellate counsel did not raise error with this decision, and the PCR court did not find counsel deficient, as alleged by Petitioner. See Ex. 144, doc. 34-2, at 127.

In Oregon, the decision to allow surrebuttal is within the discretion of the trial court. See State v. Gleason, 919 P.2d

1184, 1188 (Or. App. 1996). Additionally, while surrebuttal may be relevant and is ordinarily allowed when responding to new evidence about a witness's character for truthfulness introduced in the state's rebuttal case, the request must be "timely and specific." See State v. Reynolds, 931 P.2d 94, 96-97 (Or. 1997). Here, Petitioner requested the surrebuttal at the close of trial. See doc. 35-2, at 143. Further, one witness had just testified, and Petitioner had a full opportunity for cross-examination of that witness. See id. at 128-43. Additionally, Petitioner provided no proffer of the usefulness of the other witness. See id. at 143. Finally, Petitioner could not have been surprised at the challenge to his witness's testimony that Petitioner was "set up" by a correctional officer. For these reasons, appellate counsel was within his professional judgment to not raise error with the trial court's decision, and the PCR applied *Strickland* reasonably.

### a. Denying Cross on Prior Bad Acts

Finally, Petitioner alleges the trial court was ineffective for failing to raise error for the court's denial of cross-examination of rebuttal witnesses for prior bad acts, arguing this error was plain on the record. See Ex. 118, doc. 34-1, at 221. Petitioner's claim in this regard lacks specificity as to which trial court ruling or rulings were errors or which witness, or what evidence denied, and fails to state a claim.

**Ground Six**

Ground six (b) and (c) allege ineffectiveness in not raising error regarding the trial court's denial of Petitioner's motion for production of ODOC records and its order quashing Petitioner's subpoena *duces tecum*. Prior to trial, Petitioner served subpoenas to Terrence Anderson and Frank Thompson, two OSP administrative officers, requesting they appear for trial and produce misconduct reports for every case of an OSP inmate charged with possession of a razorblade. See Ex. 126, doc. 34-1, at 290. The trial court granted ODOC's motions to quash the subpoenas and production of records because it "is not relevant." Doc. 35-1, at 70, 98. While appellate counsel did not assign error to the ruling, the PCR trial court found that the evidence submitted on appeal failed to prove appellate counsel would have raised the error or affected the outcome of trial. Ex. 142, doc 34-2, at 107-08.

Appellate counsel was not ineffective for failing to assign error to the trial court's decision, and the PCR court did not apply *Strickland* in an objectively unreasonable manner. The evidence was irrelevant to the crime charged, and did not affect whether Petitioner possessed a weapon, nor any other element of the crime. See doc. 35-1, at 95 (describing the elements of the crime as "an inmate and that in Marion County, on a certain date… [] had in [] possession a weapon."). Further, selective

prosecution claims require a showing that similarly situated individuals of a different race were not prosecuted. <u>United States v. Armstrong</u>, 517 U.S. 456, 465 (1996).

There is a strong judicial deference to the charging decisions of prosecutors and, thus, courts require "a credible showing of different treatment." <u>See</u> <u>id.</u> at 465, 470. Petitioner backed his allegations with recounted hearsay and personal conclusions based upon anecdotal evidence, but nothing more. <u>See</u> <u>id.</u> at 470; <u>see</u> doc. 35-1, at 63-71, 95-96. Thus, the PCR court's application of *Strickland* was not objectively unreasonable, and appellate counsel was not ineffective by failing to assign error to that decision.

## 1. Ground Seven

Ground seven (b) and (c) allege ineffectiveness for not raising error in the trial court's denial of Petitioner's motion for acquittal. Respondent argues that raising such error would have been meritless. The "familiar standard" for a motion for acquittal is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). The basic underlining facts, that Petitioner's belongings, in a single-man cell, contained razor blades, are enough for a rational trier of fact to find guilt. The merits of the claim

and, as stated above, counsel's discretion in bringing only the best claims forward on review, dictate against a finding of deficiency. Petitioner was not prejudiced by counsel's failure to make a merit-less motion.

### 3. Ground nine

Finally, ground nine (c) and (d) alleges ineffectiveness by failing to raise error in the trial court's imposition of a departure sentence. As discussed above, settled Oregon law allowed for trial courts to find and use facts, without a jury finding those facts, as the basis for upward departures. See, e.g., State v. Woodin, 883 P.2d 1332, 1334 (Or. App. 1994). Further, the Ninth Circuit made clear that the holdings in Apprendi and Blakely "brok[e] new ground," were not dictated by precedent, and that no reasonable jurist would not have been able to predict their upending of settled Oregon law. See Schardt v. Payne, 414 F.3d 1025, 1035 (9th Cir. 2005); see Jones v. Smith, 231 F.3d 1227, 1236 (9th Cir. 2000). Thus, for similar reasons, counsel was not deficient, and Petitioner incurred no prejudice.

### I.    Post-Conviction Court's Application of *Palmer*

Petitioner argues that the PCR court "erred in granting partial summary judgment" because it was untimely filed and misapplied *Palmer v. State*, 867 P.2d 1368 (Or. 1994). Thus, Petitioner argues, the PCR court should have considered the alleged errors of the trial court not raised on direct appeal.

The PCR court denied the claims as barred under <u>Palmer v. State</u>, 867 P.2d 1368 (Or. 1994). <u>See</u> Ex. 144, doc. 34-1, at 210. Petitioner has failed to establish that the PCR court applied Palmer incorrectly. <u>See</u> <u>id.</u> Further, even if the court did apply *Palmer* incorrectly, this Court cannot review that decision because it is procedural in nature, and is an adequate and independent state ground. <u>See</u> <u>Harris v. Reed</u>, 489 U.S. 255, 262-63 (1989) (applying the doctrine to §2254).

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the

findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

Dated this 31 day of March, 2016.

_____
Thomas M. Coffin
U.S. Magistrate Judge